UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyquan Jared Amir Jones-El, # 320934, | ) C/A No. 5:13-1851-JMC-KDW |
| Petitioner, | ) ) |
| vs. | ) REPORT AND RECOMMENDATION ) |
| Warden, Lieber Correctional Institution, | ) ) |
| Respondent. | ) ) ) |

Petitioner, a state prison inmate proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Subsequently, Plaintiff submitted an "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order," and a memorandum in support of that "Order." That filing, construed by the court as a Motion for Preliminary Injunction, ECF No. 14, is considered herein, as well.

## BACKGROUND

Tyquan Jared Amir Jones-El ("Petitioner") is an inmate at Lieber Correctional Institution. He is serving a 20-year sentence for voluntary manslaughter, entered in Florence County on March 15, 2007, following Petitioner's guilty plea to the charge. According to his Motion for Preliminary Injunction, Petitioner was a fifteen year-old minor when he was charged and prosecuted for murder in adult court. He states that he has now been incarcerated for "7 years and 7 months." Mot. 1, ECF No. 14.

In the § 2241 Petition he submitted, Petitioner contends that his conviction and sentence should be vacated and "that he should be released from the custody of the State of South Carolina," because his conviction and sentence allegedly violate his religious rights as a member of the "Moorish American Nation" under a treaty ("Treaty of Peace and Friendship (1787)") and the group's "Declaration of the Rights of the Child." He also asserts that the conviction and sentence violate the Fifth and Sixth Amendments to the United States Constitution. Pet. 8-9, ECF No. 1.

The § 2241 petition form that Petitioner used to prepare the Petition under review contains numerous questions about whether Petitioner exhausted state-court and/or administrative remedies with regard to his conviction and sentence before filing this habeas corpus action. Petitioner responded "N/A" to all questions about exhaustion attempts. Pet. 3-7, ECF No. 1. The court is unsure whether this abbreviated answer is intended to mean "not available" or "not applicable." In any event, search of Florence County and State of South Carolina court records available online show that, after pleading guilty and having his conviction and sentence entered, Petitioner filed an appeal questioning the propriety of his prosecution in adult court and the voluntariness of a statement that he made to law enforcement. That appeal resulted in the affirmance of the family court's waiver of jurisdiction to the adult court on April 20, 2011. *State v. Jones*, 709 S.E.2d 696 (S.C. Ct. App. 2011). Petitioner then filed a post-conviction relief application ("PCR") in the Florence County Court of Common Pleas on September 28, 2011. Florence County Case No. 2011CP2102562; *see* http://publicindex.sccourts.org/Florence/PublicIndex/CaseDetails.aspx?County=21&CourtAgency=21002&Casenum=2011CP2102562&CaseType=V (last consulted Aug. 9, 2013 (1:59pm)). According to the online records, the PCR case was dismissed by the Florence County Court of

Common Pleas on June 5, 2012, and it does not appear that any further actions have been filed in Florence County since that time. *Id.* Readily available public records leave it unclear whether or not Petitioner submitted a petition for writ of certiorari to the South Carolina Supreme Court to seek review of the PCR dismissal, and it is not known whether there are currently any pending state court actions in which Petitioner's state conviction and sentence are being challenged.

Following initial review of the Petition submitted in this case, and believing that Petitioner had inadvertently used an incorrect petition form to submit his habeas corpus challenge to his state conviction and sentence, the undersigned magistrate judge issued a Proper-Form Order directing Petitioner to complete a court-approved form for the filing of a habeas corpus action under 28 U.S.C. § 2254. ECF No. 9. In response to the Order, Petitioner submitted a Motion for Reconsideration in which he maintains that an "action seeking habeas corpus relief under 28 U.S.C. § 2241 is the proper form based on the fact that petition is challenging the courts in personam jurisdiction. Not the conviction, sentence, or judgement of the court." Mot. Recons. 1, ECF No. 12. Attached to that Motion is a notarized "Declaration of Legitimacy" in which Petitioner avers that as a "Moorish National" citizen, the state of South Carolina cannot subject him to state law and cannot obtain "in personam jurisdiction over [his] liberty." Attach. to Mot. 2, ECF No. 12-1. These averments are substantially similar to those Plaintiff presents in the Petition being reviewed herein. *See* Pet. 8, ECF No. 1.

The undersigned declines to grant the Motion for Reconsideration in light of the applicable law as analyzed below. Because Petitioner's intent not to comply with the terms of initial Order is clear, the undersigned finds it would be a waste of judicial resources to again instruct Petitioner to comply with the directions in the Proper-Form Order. Accordingly, for purposes of this Report, the

Petition under review is considered as one challenging the in-personam jurisdiction of the state trial court, filed pursuant to 28 U.S.C. § 2241.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's suit to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District

4

Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the undersigned is of the opinion that the Petition submitted in this case should be summarily dismissed.

## **DISCUSSION**

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's claims about the underlying validity of his state criminal conviction and sentence are cognizable only under 28 U.S.C. § 2254, not under 28 U.S.C. § 2241, as he is "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); *White v. Lambert,* 370 F.3d 1002, 1005-09 (9th Cir. 2004) (explaining the distinctions between § 2254 and § 2241; when a prisoner is in custody under a state court judgment, § 2254 is exclusive jurisdictional grant); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (state inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241); *see also Alston v. Warden, Lieber Corr. Inst.*, No. 6:07-2724-RBH-WMC, 2008 WL 5115044 (D.S.C. Dec. 4, 2008) (dismissing a § 2241 petition that should have been submitted under § 2254); *Harley v. South Carolina*, No. 9:07-1750-DCN-GCK, 2007 WL 2579444 (D.S.C. Sept. 4, 2007) (dismissing without prejudice petition filed pursuant to § 2241, noting petitioner's failure to complete a § 2254 petition form, and finding petitioner "cannot select a label for his habeas petition and thwart Congress' statutory rules governing habeas

5

petitions").[1]

Complying with Petitioner's stated intent that the Petition under review be considered as one submitted under § 2241, this case is subject to summary dismissal for the same reasons that the *Harley* and *Alston* cases were subject to summary dismissal. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting a federal court may take judicial notice of the contents of its own records).

Even though the facts have not been fully developed regarding either timeliness or exhaustion of state remedies due to Petitioner's refusal to complete a § 2254 form that includes specific questions about those issues, Petitioner cannot be permitted to circumvent either the § 2254 filing limitations or the exhaustion-of-state-remedies requirements by claiming that his Petition should be governed by § 2241 because he is challenging the jurisdiction of the trial court. Jurisdictional challenges such as that involved in this case are often raised by state prisoners though § 2254 petitions, though not often successfully. *Wright v. Angelone*, 151 F.3d 151, 156-58 (4th Cir. 1998) (citing *Wills v. Egeler*, 532 F. 2d 1058, 1059 (6th Cir. 1976) (question of whether state trial court is vested with jurisdiction under state law is not for the federal judiciary to determine)); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions"). If the state court had no in personam jurisdiction over Petitioner, as he asserts, it could not enter a valid conviction and sentence; a challenge to the trial court's jurisdiction is, in fact, also a challenge to the validity of the conviction and sentence. Thus, Petitioner's assertion that a challenge to the trial court's jurisdiction

---

[1]In both *Alston* and *Harley*, the petitioners indicated they filed petitions pursuant to § 2241 because they were aware the one-year statute of limitations had run on their filing a § 2254 petition. Here, petitioner does not reference the statute of limitations, nor does the court make any representation regarding the statute of limitations.

should be raised under § 2241 because it is somehow different from a challenge to the validity of the state conviction and sentence under § 2254 is unconvincing. The statutory language contained in § 2254 specifically provides that it is applicable to persons "in custody pursuant to the judgment of a State court . . . ," just like Petitioner. Because his custody is the result of and based on a state conviction and sentence (judgment), this court does not have subject matter jurisdiction to consider Petitioner's challenge to continuing state custody under § 2241; this case should be summarily dismissed.

Moreover, even if the court were to ignore Petitioner's stated intent and liberally construe his Petition as one filed under § 2254, it would still be subject to summary dismissal. In considering a direct appeal from a federal criminal conviction, the Fourth Circuit Court of Appeals found the following, which is relevant to Petitioner's claim the trial court had no in personam jurisdiction over him because of his alleged Moorish nationality:

> Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a [trial] court's jurisdiction in criminal prosecutions: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." 18 U.S.C. § 3231 (2006); *see also Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.") (quoted in *United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006)).
> 
> Physical presence in the United States usually supplies the only necessary prerequisite for personal jurisdiction in a federal criminal prosecution. *See United States v. Wilson*, 721 F.2d 967, 972 (4th Cir. 1983) ("It has long been the general rule that a court's power to try a criminal defendant is not impaired by the government's use of even forcible abduction to bring the defendant within the court's jurisdiction."); *see also United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) ("Personal jurisdiction is supplied by the fact that [the defendant] is within the territory of the United States."); *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003) ("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law."). The

> manner through which a defendant found himself within the United States generally does not affect the jurisdiction of the district court to preside over his prosecution. *See United States v. Alvarez–Machain*, 504 U.S. 655, 657, 112 S.Ct. 2188, 119 L.Ed.2d 441 (1992) (district court had jurisdiction over prosecution of Mexican national who had been forcibly kidnapped and brought to the United States where abduction did not violate extradition treaty between United States and Mexico); *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541 (1952) ("[T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction'") (citing *Ker v. Illinois*, 119 U.S. 436, 444, 7 S.Ct. 225, 30 L.Ed. 421 (1886)); *see also Kasi v. Angelone*, 300 F.3d 487, 493–500 (4th Cir. 2002) (forcible abduction of defendant from Pakistan did not divest state trial court of jurisdiction because such abductions were not prohibited by relevant extradition treaty); *United States v. Porter*, 909 F.2d 789, 791–92 (4th Cir.1990) (district court had jurisdiction over defendants involuntarily deported from the Philippines to the United States); *United States v. Arbane*, 446 F.3d 1223, 1225 (11th Cir.2006) ("[A] criminal defendant cannot defeat personal jurisdiction by asserting the illegality of the procurement of his presence in the relevant jurisdiction—here, the United States.").
>
> We therefore find no merit in [Petitioner's] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States. He was present in the district court and prosecuted for the commission of federal offenses. In short, "[t]here is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." *Frisbie*, 342 U.S. at 522, 72 S.Ct. 509.

*United States v. White*, 480 F. App'x 193, 194-95 (4th Cir. 2012). Although the *White* opinion was issued regarding a criminal appeal, it is instructive in considering Petitioner's arguments. In addition, other courts have rejected similar claims of lack of trial court jurisdiction made by Moorish inmates who, like Petitioner in this case, were in state custody. *See, e.g.*, *Ward-El v. Barrett*, No. 12-14282, 2012 WL 5929928, * 4 (E. D. Mich. Nov. 27, 2012) (finding claims of lack of jurisdiction over Moorish inmate "meritless" in § 2254 case); *James-Bey v. North Carolina*, No. 1:11-cv-136-RJC, 2012 WL 3202932 (W.D.N.C. Aug. 6, 2012) (same); *Jackson-El v. State & Fed. Pls. in Gen.*, No. 1:11-cv-278, 2011 WL 1584606, ** 1-2 (W.D. Mich. Apr. 26, 2011) (collecting cases finding that Moorish claims of lack of jurisdiction of state and federal courts are frivolous).

8

Finally, the Eastern District of New York wrote the following regarding similar claims raised by a Moorish national who was being tried on state charges,

> The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside. *See, e.g., Bey v. Jamaica Realty*, No. 12–CV–1241(ENV), 2012 WL 1634161, *1 n. 1 (E.D.N.Y. May 9, 2012) (citing *Bey v. Am. Tax Funding*, No. 11–CV–6458, 2012 WL 1495368, at *6 (W.D.N.Y. Apr. 27, 2012); *Gordon v. Deutsche Bank*, No. 11–CV–5090, 2011 WL 5325399, at *1 n. 1 (E.D.N.Y. Nov. 3, 2011); *see, also Bey v. City of Rochester*, 2012 WL 1565636, at *8 (W.D.N.Y. Apr. 30, 2012) (citing *El–Bey v. North Carolina*, No. 5:11-CV-0423FL, 2012 WL 368374, at *2 (E.D.N.C. Jan. 9, 2012) (unpublished) ("[A]ny claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous."), recommendation adopted, 2012 WL 368369 (E.D.N.C. Feb. 3, 2012) (unpublished); *Bey v. American Tax Funding*, No. 11–CV–6458(CJS), 2012 WL 1498368, at *6 (W.D.N.Y. Apr. 27, 2012) ("[Plaintiffs'] purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence."); *Gordon v. Deutsche Bank Nat. Trust Co.*, No. 11–CV–5090 (WFK), 2011 WL 5325399, *1, n. 1 (E.D.N.Y. Nov. 3, 2011) ("Plaintiff's suggestion that as a member of the 'Moorish–American" nation he is immune from the laws of the United States is misguided") (citing *Bey v. Bailey*, No. 09–CV–8416, 2010 WL 1531172, at *4 (S.D.N.Y.Apr.15, 2010) ("petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the 'Moorish–American' nation is without merit ....") (add'l citation omitted).

*Smith ex rel. Bey v. Kelly*, No. 12-CV-2319 (JS)(AKT), 2012 WL 1898944, * 2 (E.D.N.Y. May 24, 2012) (§ 1983 action against state trial court found to be frivolous).

Based on the applicable law discussed above, Petitioner's claims of lack of in personam jurisdiction in the state trial court in which he pleaded guilty are completely frivolous, whether raised under § 2254, § 2241, or by way of a civil complaint. Plaintiff made no effort to raise other,

potentially non-frivolous claims about the underlying validity of his conviction and sentence had he filed the requested § 2254 petition. Because the frivolous in personam jurisdiction claim is the only one raised in the Petition under review, whether considered as filed under § 2241 or § 2254, this habeas corpus case is subject to summary dismissal.

**<u>Petitioner's Motion for Preliminary Injunction</u>**:

The court also considers Petitioner's Motion for Preliminary Injunction, filed July 29, 2013, in which he requested an injunction for the same reasons he challenges his conviction. *See* ECF No. 14. Based on the above analysis, Petitioner cannot prevail on the merits of his claim. There is no legal or factual basis on which to enter the requested preliminary injunction.

A petitioner seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009) [hereinafter "*Real Truth*"], *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[2] A petitioner must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345-46. Similarly, such a petitioner must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19-24; *Real Truth*, 575 F.3d at 347. Only then may the court consider

---

[2]Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 130 S. Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345-347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See Real Truth*, 607 F.3d 355.

whether the balance of equities tips in the petitioner's favor. *See Real Truth*, 575 F.3d at 346-47.[3]

Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (*quoting Winter*, 555 U.S. at 24). Petitioner cannot show a likelihood of success on the merits or irreparable harm. Accordingly, further consideration of the Motion for Preliminary Injunction is not necessary.

## **RECOMMENDATION**

Accordingly, it is recommended that the Motion for Preliminary Injunction, ECF No. 14, be denied.

It is further recommended that the Petition for a Writ of Habeas Corpus under review be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

August 13, 2013                                                         Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3]Based on *Winter*, the *Real Truth* court expressly rejected and overruled *Blackwelder's* sliding-scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 22-24.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 2317
>Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).