# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Tyquan Jared Amir Jones-El, ) | |
| ) | Civil Action No. 5:13-cv-01851-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| State of South Carolina, Warden of Lieber ) | |
| Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report"), (ECF No. 20), filed August 18, 2013, recommending that the court summarily dismiss *pro se* Petitioner Tyquan Jared Amir Jones-El's ("Petitioner") petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1). The magistrate judge also recommended that the court deny Petitioner's motion for a preliminary injunction (ECF No. 14). This review considers Petitioner's Objections to the Report ("Objections"), (ECF No. 23), filed August 26, 2013. For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report and **DISMISSES** Petitioner's petition without prejudice. Additionally, the court **DENIES** Petitioner's motions for a preliminary injunction (ECF No. 14), to amend or correct the petition (ECF No. 26), and for a temporary restraining order (ECF No. 27).

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a recitation of the relevant facts and procedural history is warranted.

1

Petitioner is currently incarcerated at the Lieber Correctional Institution ("LCI"), a facility managed by the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 1). Petitioner is serving a twenty-year adult sentence for a voluntary manslaughter conviction. SCDC, Incarcerated Inmate Search (last visited Mar. 11, 2014), http://public.doc.state.sc.us/scdc-public/ (enter "00320934" for "SCDC ID" and select "submit"; then select "Jones, Tyquan Jared Amir"). Petitioner states that he has been in custody for this offense since he was 15 years old. (ECF No. 14 at 1).

Petitioner filed the instant petition on July 8, 2013, alleging that his current imprisonment was in violation of the Treaty of Peace and Friendship and the United States Constitution. (ECF No. 1 at 8). Petitioner stated the following as supporting facts for his petition:

> Applicant is a Moorish American National, his imprisonment is an encroachment on the sovereignty of the Moorish American Peoples, and the sovereign prerogative of the de jure Moorish American Zodiac Constitution.

*Id.* On July 17, 2013, the magistrate judge issued a proper form order directing Petitioner to file his petition under 28 U.S.C. § 2254 as opposed to § 2241. (ECF No. 8). Petitioner responded to the magistrate judge's proper form order maintaining that § 2241 was the proper avenue for relief because he is challenging the state court's in personam jurisdiction and is not challenging his conviction, sentence, or judgment. (ECF No. 12 at 1).

Petitioner filed a motion for a preliminary injunction on July 29, 2013. (ECF No. 14). In his motion, Petitioner requests that the court release him from prison so that he can develop mentally, morally, and socially in a healthy and normal manner. *Id.* at 1–2. Petitioner asserts that his right to a normal development is recognized by the United Nations Declaration of the Rights of the Child. *Id.* at 1. Petitioner claims that this right is being violated by the continuing nature of his imprisonment. *Id.* Petitioner further states that as a Moorish American, he is

entitled to the human rights and freedoms set forth by the United Nations in the Declaration of the Rights of Indigenous Peoples. *Id.* at 2.

The magistrate judge issued the Report on August 13, 2013, recommending that the court deny Petitioner's motion for a preliminary injunction and summarily dismiss without prejudice Petitioner's petition. (ECF No. 20). The magistrate judge concluded that Petitioner's challenge was not cognizable under § 2241 because claims regarding the underlying validity of a state criminal conviction and sentence are only cognizable under § 2254. *Id.* at 5. The Report also included a detailed analysis of the reason Petitioner's petition would fail even if construed as one filed under § 2254. *See id.* at 7–10. Given the magistrate judge's finding that Petitioner's petition should be summarily dismissed thereby precluding success on its merits, the Report recommended denial of Petitioner's motion for a preliminary injunction. *Id.* at 10 (explaining that likelihood of success on the merits is one of four elements that must be established by a petitioner seeking a preliminary injunction).

On August 26, 2013, Petitioner filed his Objections. (ECF No. 23). Petitioner filed a motion to amend or correct his petition on November 25, 2013, (ECF No. 26), and a motion for a temporary restraining order on December 2, 2013, (ECF No. 27).

## STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or

modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

## ANALYSIS

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court typically addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999). However, upon review of Petitioner's Objections, the court finds that Petitioner does not reasonably state any argument to overcome the magistrate judge's finding that Petitioner's challenge would be properly brought under § 2254.[1] (*See* ECF No. 20 at 5–7; *see also Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) ("[I]f a state prisoner is 'in custody pursuant to the judgment of a State court, his petition is subject to § 2254.") (internal quotation marks omitted)). The court further finds that the Report thoroughly explains that Petitioner's allegation of Moorish nationality does not establish that the state court lacked jurisdiction over his criminal prosecution. (*See* ECF No. 20 at 7–10). The court adopts this analysis as its own and finds that Petitioner's Objections do not disturb this conclusion.

Therefore, the court accepts the recommendation of the Report that Petitioner's petition be summarily dismissed. Because the court finds Petitioner has no likelihood of success on the merits of this petition, the court denies Petitioner's motions for a preliminary injunction (ECF

---

[1] Petitioner's Objections include meritless arguments such as Petitioner's contention that he was never physically present within the United States but was instead present in the colonial government of South Carolina. (ECF No. 23 at 3). According to Petitioner, South Carolina is located within the historic Moroccan Empire. *Id.* As such, Petitioner asserts that the "United States Colonial Government" has no jurisdiction in South Carolina. *Id.* at 4.

No. 14) and for a temporary restraining order (ECF No. 27).[2] The court also denies Petitioner's motion to amend/correct the petition (ECF No. 26), finding that the requested amendment would not alter the court's decision in this matter.

## CONCLUSION

Based on the aforementioned reasons and following a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report (ECF No. 20). The court **DENIES** Petitioner's motions for a preliminary injunction (ECF No. 14), to amend or correct the petition (ECF No. 26), and for a temporary restraining order (ECF No. 27). It is therefore **ORDERED** that the Petitioner's Petition (ECF No. 1) in the above-captioned case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
March 11, 2014

---

[2] "[T]he substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction[.]" *Tchienkou v. Net Trust Mortg.*, No. 10-00023, 2010 WL 2375882, at *1 n.* (W.D. Va. Jun. 9, 2010).